# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50670
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Ortiz-Juarez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-928-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jorge Ortiz-Juarez appeals his conviction and sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b)(2). Ortiz-Juarez argues for the first time on appeal that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a) based on facts that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  Although Ortiz-Juarez acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review, and he has filed an unopposed motion for summary disposition.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  Thus, Ortiz-Juarez is correct that his argument is foreclosed, and summary disposition is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, Ortiz-Juarez's motion is GRANTED, and the judgment is AFFIRMED.